HLD-009  (October 29, 2010)                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT
_____

No. 10-2948
_____

DAPHNE MARIE RODENBAUGH,

Appellant

v.

GULF INSURANCE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 10-CV-00688)
District Judge:  Honorable William J. Nealon
Magistrate Judge:  Martin C. Carlson

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 29, 2010
Before:  MCKEE, Chief Judge, ALDISERT and WEIS,  Circuit Judges

(Opinion filed: February 17, 2011)
_____

OPINION
_____

PER CURIAM.

        Daphne Rodenbaugh, proceeding pro se, appeals from an order of the

United States District Court for the Middle District of Pennsylvania, which dismissed her

complaint.  For the reasons that follow, we will affirm the District Court's order.

        In March 2010, Rodenbaugh filed a complaint, naming Gulf Insurance as

1

the defendant, and also filed a motion to proceed in forma pauperis ("ifp").  The complaint sought to have the District Court reverse certain state court orders in her workers' compensation matter and remand to the state court, or reverse the orders, apparently so the insurance company would continue to pay her claims.

The Magistrate Judge assigned to the case granted Rodenbaugh's motion to proceed ifp, but informed her that her complaint was subject to dismissal for failure to state a claim upon which relief could be granted.  The Magistrate Judge informed Rodenbaugh of federal pleading requirements, as clarified in Bell Atlantic v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).  The Magistrate Judge also noted that her complaint, as filed, was subject to dismissal pursuant to the Rooker-Feldman doctrine.[1]  Rodenbaugh was given an opportunity to file an amended complaint, which was to:  (1) be complete in all respects; (2) address the issues raised by the Magistrate Judge's order; and (3) be a new pleading which stood by itself as an adequate complaint without reference to the complaint already filed.

Rodenbaugh filed an amended complaint within the time allowed.  The amended complaint consisted of one page, with three numbered paragraphs.  Paragraph one stated that she "was denied her civil rights to have here medical to be paid in the amount of aprox $2,000.00 as they were paying for years then stoped."  The second paragraph stated, "Daphne Plaintiff amends this and cannot get relief in state court defendant is in another state."  The third paragraph sought money damages.

---

[1] The Supreme Court laid out the principles of the doctrine in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)).

Our review of the order dismissing the complaint is plenary. Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006). The District Court properly determined that it lacked jurisdiction over Rodenbaugh's complaint, pursuant to the Rooker-Feldman doctrine, to the extent she sought outright reversal of state court decisions. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (Rooker-Feldman doctrine deprives district courts of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

To the extent Rodenbaugh sought other relief, the District Court properly dismissed her complaint for failure to state a claim upon which relief may be granted. Rodenbaugh's amended complaint is bereft of any "factual matter, accepted as true," that would be sufficient to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (internal quotation and citation omitted). The amended complaint says that her civil rights were violated, but it does not, for example, set forth any facts that would indicate that the defendant is a state actor, as would be required to pursue a federal civil rights claim. 42 U.S.C. § 1983; Revell v. Port Authority of New York and New Jersey, 598 F.3d 128, 134 (3d Cir. 2010). A free-standing legal conclusion that one's civil rights have been violated does not meet federal pleading standards. Iqbal, 129 S. Ct. at 149-50.

For the foregoing reasons, we will affirm the District Court's order.